First case, Reallo v. Shannon. Your Honor, may it please the Court? Diana Stavroulakis on behalf of the appellant Mr. Reallo. And I would like to reserve five minutes for rebuttal, if I may, with the Court's permission. Mr. Reallo is a prisoner serving a state sentence imposed by a Pennsylvania state court. He filed a petition in federal court for habeas relief, which was denied. The merits panel of this court issued a certificate of appealability with respect to two specific issues. And I would suggest to this Court that the resolution of both of those issues depends on an understanding of just a few facts that I would like to briefly highlight for the Court, as I think it's important to the resolution of both of those issues. And those important facts are as follows. That Mr. Reallo was charged by criminal information with committing certain sexual acts against a minor victim in December of 1996. Based upon that, yes. Counsel, that isn't quite correct. Is it the information sent on or about December 1996, correct? That is absolutely correct, Your Honor. If the information said on or about December 1st, 1996, that would suggest, would it not, it might be a day or two, three before, or it might be a day or two or three after, correct? It may suggest that, but then I think you would all agree. So if it says on or about December 1996, doesn't that suggest the same thing? It might be November of 1996, it might be January of 1997. Isn't that necessarily what, if on or about is to have any meaning at all, isn't that necessarily what it means? I think that you have to take into consideration, Your Honor, that Mr. Reallo filed a notice of alibi based on the facts that were stated in the criminal information. And when it was stated as on or about December of 1996, he then filed a notice of alibi for December of 1996. And I think at that point, the Commonwealth or the prosecution has boxed itself into December of 1996. At no time did they, they didn't amend that to include January of 97 or November of 96. They kept it as December of 96, knowing that he was going to present an alibi for that period of time. Mr. Avrilakis, let me pursue that point with another question. Numerous courts of appeals, specifically our court of appeals, the Seventh Circuit, the Eleventh Circuit, and the Fifth Circuit, have all said that where on or about language is used in an indictment or an information, the government is not required to prove the exact date if a date is reasonably near. Now, given that precedent, why should Reallo's attorney have objected to the victim's statement concerning the variance in this case? Because in this case, he presented an alibi defense. And in Pennsylvania, under Commonwealth v. Boyer, if you do present an alibi, you're entitled to the times of the essence. Well, does it matter if the date is not a part of the essential elements of the offense? In this case, I believe that it does because he gave a notice of alibi. And he was at no time put on notice prior to trial that any other time period was going to come into play until he got to trial. And I think that I can prove that. Let me pursue that with just one more question. Your position then is that asserting an alibi makes time of the offense an element of the offense. Is that your position? It does. That is my position. I have not seen that in any case. I mean, do you have statutory or case law support for that proposition? You're also here under 2254. Correct. You alluded to Boyer, and that's an interesting argument. But Boyer is under Pennsylvania state law, is it not? If you argue that this decision is inconsistent with Boyer, you're basically asking us to grant habeas relief because the Pennsylvania courts interpreted their own state law incorrectly. Isn't that what you'd be arguing? That is not what I'm arguing, Your Honor, because today's issue is whether or not trial counsel was ineffective in two ways, in failing to object to the variance and in failing to object to the jury instruction. In trial counsel's ineffectiveness standard, that used in Pennsylvania and that used in the federal court is an accord. They are an accord. I will grant you that. But in order to get relief under section 2254, you have to show that the decision of the Pennsylvania PCRA trial court or superior court resulted in an outcome contrary to that reached by the Supreme Court of the United States. And which case do you argue supports your position? That's what I'm having trouble grasping. With the first or the second issue, Your Honor, or both issues? Well, either. With the first issue, Your Honor, I think, first of all, when the Pennsylvania court ruled on that specific first issue, they relied on Commonwealth v. Devlin, which is a Supreme Court case from Pennsylvania. And although that Supreme Court case from Pennsylvania did not cite federal case law, United States Supreme Court case law, they certainly did state throughout that a variance, if it affected a substantial right of a defendant, it violated not only the due process rights under the Pennsylvania Constitution, but also the due process rights of the United States Constitution. So I think that they were saying that they were giving effect to a federal standard of review. But then in this case, when the superior court relied on Devlin and somehow turned it into a balancing test, which I do not believe that is what Devlin stood for, they used a test that is not used in federal or it is not a federal standard. And I have cases that one relied upon, as a matter of fact, in the appellee's brief, Commonwealth v. Willis, where I believe that the review in that case does show that they're using a federal standard of review to find out whether or not a variance has prejudiced the defendant. And that is determined if the variance prejudices a substantial right. But you just mentioned something. You just mentioned something very important. In a case involving an alibi defense, a variance in proof of a date is not material unless there is prejudice. Could you tell us what the prejudice is in this case? In this particular case, I will do it by example first through Commonwealth v. Willis. In that case, it also involved a minor victim, a student alleging that a gym teacher had sexually assaulted her. She claimed that the incident happened, the information stated it happened on November 21st of a certain year. When that child victim then testified, she couldn't remember if it happened either before or after Thanksgiving, but had it within a one-week window period of time. The defendant was convicted. The defendant appealed and argued to the Pennsylvania Superior Court. The variance prevented me from offering my defense at trial. I'm entitled to relief because my substantial rights were prejudiced. Let me get something more specific from you. Did you show prejudice in this case, or have you argued prejudice? In other words, how did counsel's deficient performance prejudice his case? Do you not have to show that the result would be different but for that prejudice? Absolutely, you have to show it. And in this case, there was no evidence given to Mr. Rialt ahead of time that information was going to come into trial about any other thing. That's true. But you didn't present what defense he would have shown but for counsel's deficient performance. In other words, did he have an alibi for the early part of November that he would have presented? Had he known about the variance in the testimony? At this point, Your Honor, we would not have any way of knowing that because the case was proceeding to trial and we're stuck with what he had offered, which was a time period that it went from November 19th to February of 97. So now we're stuck with that time period and the prosecutor then arguing to the jury, hey, Mr. Rialt can't tell you where he was from November 1st to the 18th, so this could have happened. Wait a second. Could you have stopped the proceedings or even offered, made a proffer after the proceedings to say, wait a second, had we known that she was going to say the assault occurred in early November, we would have presented X alibi. We would have shown that the defendant was somewhere else during that period. I mean, that to me is a showing of prejudice. Couldn't you have done that or something similar to that? The trial attorney should have done that. The trial attorney should have objected. The trial attorney did nothing. And so that's why it's an ineffectiveness claim. At the PCR hearing, Mr. Silver didn't testify that there was a defense. He would have investigated. Had he known that honor about meant honor about Didi. I'm sorry, Your Honor. Mr. Silver at the PCR evidentiary hearing testimony testified that he thought it was a credibility determination. But that was just to follow up on Judge Fuentes's question. There was no showing made at the PCR hearing that a defense could have been presented. But for the lack of notice, there was no such showing made at the PCR hearing. Correct. Not to my recollection, there was not. Okay, your red light is on. We'll get you back on rebuttal. Thank you. Mr. Mase. Did I pronounce that correctly? Yes, you did, Your Honor. Thank you. Your appearance. My name is David Mase. I'm from the York County District Attorney's Office, and I'm here to represent the appellees in the matter. In the case before the court, appellant's counsel has already recited some facts in the case. There are just a few additional facts I'd like to bring forward to the court. It should be of significance in this case that there wasn't just one rape that was being tried at the time of this case. There were two. What had happened is that the rape that's of issue before the court today, that is alleged to have occurred on or about December 1996. And that was the first one with a victim age 15 at the time. Well, you know, something seems a bit unfair about the whole thing, Mr. Mase, because the information or the indictment says it happened on or about December of – what year was it, 1996? That's correct. And so he gets an alibi. He says, I was in Fort Jackson or somewhere in the southeast undergoing military training. So he has an ironclad alibi. Then he goes to trial. And all of a sudden, that's not the date of the offense. I mean, part of presenting a reasonable defense is having notice of the charges presented. And it seems to me that he didn't really have good notice of the charges against him. Well, Your Honor, the appellee would argue that, yes, he did, because it was stated as on or about. And because it mentions a month, not a date, a month, then the defendant should have known that on or about could have encompassed some leeway as far as the date in question. Now, you had the alibi, didn't you? I mean, an alibi was filed. It was provided, I believe, orally. It was done somewhere close to the time of the trial. You knew that the defense essentially was that he was elsewhere from the middle of November through the entire month of December. To a certain extent. He stated that that's what his alibi was going to be. But I think we should also take into consideration how he presented that alibi. He presented it in the form of testimony, stating that's where he was. But didn't he file a statement saying that this is going to be my alibi? I'm trying to remember back. I believe he presented it orally through counsel to the court. He may actually have done it in writing. Is there not any requirement that an alibi defense be presented before trial? Yes, you're right. All right, so let's assume he followed that requirement. And you knew at some point that your testimony was going to be that the assault occurred in early November outside of the period of the alibi. That's assuming that we did know from the victim that it could have encompassed November. It's not entirely clear from the file that I reviewed whether the prosecutor actually knew that it could have gone into December. What was alleged that it happened was that it happened on or about December of 1996. Certainly, I can't say to this court whether the victim came in and said, well, it could have been November or December. Okay, Mr. Meshwar, is the government just as surprised as the defendant was about when the offense occurred? Your Honor, that can happen in testimony. And when it does, it's certainly not within the control of the government at that point. Yeah, but is that what happened in this case? Your Honor, without going back through the transcript, I cannot recall off the top of my head. Well, I'll just ask you one more question. I'll leave it at that. I thought that the government would have a responsibility if the testimony was going to vary so substantially from the alibi period that you have a responsibility of saying something to the defendant so that the defendant can meet the government's evidence. That would be correct if we knew that it was going to vary. Things can sometimes come out up on the stand that the person who was handling the case wouldn't necessarily be aware of at the time. The information said on or about. That was what the police reports must have indicated, on or about. I believe she recited to it was cold at the time. Well, counsel, Mr. Silver testified, and we don't have the trial record. You do. Mr. Silver testified that he cross-examined the victim with her prior inconsistent statement as to date, correct? We have that in the record provided for us. Correct, and actually that's a very good point. So the Commonwealth understood when he provided his alibi defense that it was going to refute the statement if it was believed. It would refute the statement made to the Commonwealth by the victim, correct? Correct. And yet the Commonwealth did not indicate to the defense, wait a minute, in fairness to you, the date of the assault wasn't necessarily in December. That is an issue in the case that, yes, it does say on or about December. He did have an alibi that he was presenting. But, John, I would also like to point out that he even acknowledged, he acknowledged even at trial that his alibi did not actually foreclose that he could have left basic training during the five months that he was alleging that he was there. He provided his alibi through a document that said he was at basic training and also his testimony. At no point in time did he provide any further evidence that he could not have left basic training and returned to his hometown within the five months period. Counsel, to pick up on Judge Fisher's point, Devlin is contrary to federal law, isn't it? I did not find any cases that were exactly on point with Devlin. No federal court has held that when you evaluate prejudice, you evaluate it in a balancing test against the severity of the crime and the age of the victim. Federal authority is quite clear. You evaluate prejudice as prejudice. You don't determine whether or not the prejudice is somehow outweighed by the tender years of the victim or the severity of the crime alleged, yet that's what was done here by the lower court. Isn't that correct? That is correct, Your Honor. I believe one of the cases that Appelli had cited to you, though, indicated what is taken into consideration when evaluating variance, and that would be whether it substantially conformed and corresponded to the proof. It was also not of a nature or character that would mislead the defendant at trial, and further that if it was a criminal case, it would protect the defendant against further prosecution for the same offense. In this case, the information is clearly set on or about December of 1996. It did not specify a particular date, and it was further not disclosed by the victim until at least two and a half years after the alleged offense took place. So taking all that into consideration, the defendant should have known, or his counsel should have known that by merely stating December of 1996, they're trying to nail down a specific month, but it said on or about. That should have been sufficient. Mr. Maysh, I mean, the issue here is that Mr. Silver was ineffective. That's the issue. That's the issue before us. And the question is, should have he objected when the testimony was elicited that said that this event occurred somewhere in mid-November, and should he have he objected to the jury charge? That's really the essence of this case. That's what counsel has advanced. Now, had he objected, I mean, it seems to me that when that testimony came in that you can look at all the other strategies involved here, but at the bare minimum, there should have been some objection. Now, had he objected to the testimony relating to mid-November, the assistant district attorney could have moved to amend the indictment to reflect on or about November of 1996, correct? Correct. So, you know, how can you say that the failure to object was not ineffective assistance and did not prejudice the defendant who, as the others have said, and as the case obviously relates, had said, look, I wasn't there in December. I was at Fort Jackson. I mean, it seems to me something went wrong here in this trial. By the victim actually stating November, it also, Your Honor, did play into defense counsel's other strategy. You did indicate other strategies in the case. One of them clearly was, and this was stated during the PCRA hearing, there was no severance of the first rape from the second rape. The purpose for that was both the victims knew each other, and Attorney Silver was using that information to allege that the two of them colluded together against the defendant in this case and made up the rapes in order to get him. Now, that second rape was alleged to have happened in January of 1999, was it not? That's correct, Your Honor. Okay. And that fit in to Attorney Silver's strategy. So even the variance, the mentioning that, oh, it could have been in November, certainly that fit in with Attorney Silver's stating that the two of them were making it up. Okay, now she's changed it to November. Did she change it to November or was it November? He still had a two-layered strategy. He had the strategy of it didn't happen, it couldn't have happened because he was at basic training. And the other strategy was that the two of them were in cahoots together and they were trying to get him in trouble by alleging that he raped both of them. So he had a two-layered strategy. Further, the alibi that was provided by the defendant in this case, it's the appellee's position that it was a rather porous alibi. It did not foreclose that he could have left basic training. If it didn't foreclose that he left basic training – And basic training, I mean, I imagine the alibi defense was I was there, he could very easily establish that he was there through, you know, records indicating that he was there at present at basic training. Is there any question about that? Well, you certainly could have brought up questions because he testified and you had a chance to cross-examine him. Correct. Well, you're not disputing now that he wasn't where the alibi says he was. He alleges that that's where he was. The evidence he provided was testimony on his own behalf and a document. You know, it's interesting that you say that you – I think you said you weren't aware or certain that she would say it happened in November, that perhaps you were surprised by that testimony as well. Is that your position? Your Honor, I was not the actual prosecutor who handled the case, so as far as whether I was surprised, I – Well, you know, I was wondering. She could have said anything. She could have said, well, I don't know where you got the December date. Maybe that's what I wanted to find out because she could have said, well, I don't remember when it happened. I know the – I know he assaulted me. Now, what would happen if you had a situation like that? Or what if she had said, I don't think it happened in December. You know what? Maybe it happened in September or October. In that case – Now, at what point does – are you putting the defendant in a position where you have real prejudice because of the inability of the witness to state when an offense occurred? And that, I believe, is something that, as the Court has indicated today, the Pennsylvania courts have a balancing test that accommodates for that. However, we don't apparently have that within the federal government. Put that aside. Put that aside? Put that aside, yeah. At what point do you say the defendant is prejudiced because the defendant doesn't have any idea when the offense occurred so that you have notice so that you can prepare a reasonable defense? That's assuming that the appellant actually had an alibi that could have covered an additional space in time. In this case, he provided an alibi for the middle of November forward. We don't know if he had an alibi for the beginning of November. Okay. I guess what you're saying is our case is not that one about September or October. Our case is one about November and December. Counsel, did Mr. Silver testify? We don't have all – we have just a couple of pages of his testimony in the record that's been provided to us. Did Mr. Silver testify that he was surprised by the testimony of the victim as to the November date or that he felt it somehow hamstrung his defense? If I remember correctly, and it's a rather thick transcript, he did – I think the exact words were he was surprised. But as I've indicated to the court, he had a two-layered strategy, and that was the alibi and also, in addition, the trying to cut through the testimony of the two victims in the case saying that they were colluding against the defendant. So he wasn't totally surprised in his strategy for the case. He was prepared on two different levels to defend the case. Do you think his alibi defense was rendered completely moot by the witness's testimony? Your Honor, I don't believe it was rendered completely moot because I believe when he testified his own behalf, he acknowledged that the evidence that he was able to provide for the court did not foreclose him leaving base and coming up to York to have committed the offense. But it's pretty clear on the acquittal on the conviction on the corrupting the morals of minors charge that the jury must have believed this happened before mid-November. Don't you agree? Your Honor, I really can't comment on that. I don't have that part of the transcript up in my mind right now. Okay. Certainly, there's nothing of the record that indicates, I would argue, that the jury solely considered the beginning of November. Certainly, it was argued by the prosecution, but certainly there's nothing that I recall that limited the jury to just considering the beginning of November. Thank you, Mr. Mason. The red light is on. Thank you. Ms. Debra Lagas. Let me ask you this. Mr. Real actually had an opportunity to present his alibi defense. Wasn't it just a matter of credibility for the jury? I mean, they could have believed him, and the judge instructed the jury, that if you believe the alibi defense, you have to acquit. I think the problem with that is this. He was allowed to present his alibi. The trial judge did instruct the jury on the alibi defense, but then the trial court also instructed that you don't have to worry about whether or not the prosecution established a certain date or a certain time. As I recall, the minor victim said this could have happened in November or December of 1996, and, yes, you also have Mr. Real's alibi, but if you believe it happened, you don't have to believe that the prosecution established a certain date. That right there was an incorrect jury instruction, and the federal standard for reviewing jury instructions is the same as the Pennsylvania standard for reviewing jury instructions, and that is you view them as a whole to see if when reading it in the entirety, does it taint the entire trial, and in this case it did, because now the jury is left with thinking that they don't even need to worry about when it actually happened. So what was the point of the alibi? An alibi is something you give to say, I'm someplace else when this crime was committed. Well, that was completely taken away from him, not only during the trial by them expanding on the dates that were included in the information, but then again during the trial judge's instructions to the jury that they don't need to establish a date certain to convict him. Is it your argument or your position that any time an indictment or information contains language such as at or about, and there is an alibi defense is presented, the government must establish a precise date when the offense occurred? Did you understand my question? Yes. Is that your position? That is my position. What if you have like those very fluid types of offenses like drug conspiracies and things like that where you really can't nail down a precise date, but yet you might have an alibi? How do you deal with those types of offenses? I'm sorry. I didn't mean to talk over top of you. Those may be ongoing events. This was supposed to be one event, one date, one incident. But you have no authority, counsel. You have no authority. At least you've cited no authority to us in response to Judge Fuentes' question. No court has held that once the defendant proffers an alibi defense, that means the Commonwealth is obligated to amend its information or indictment to eliminate the on or about language and come up with a precise date. There's no authority, legal authority to that effect, is there? That they're not obligated to or that they're not allowed to do that? No, no, obligated. Judge Fuentes asked you whether or not your position was that once the defendant tendered his alibi defense, the Commonwealth was obligated to pin itself down to a particular date, and you said yes, that was your position. There's no law to that effect. I apologize. Perhaps I misunderstood. I think that if they knew they were going to give information that broadened the time period, they could amend the complaint to say it happened either November or December of 1996. I think that would have alleviated the entire problem in this matter. They knew what Mr. Real's alibi was. It was from December, and they had the opportunity to change that. And in speaking with Appellee's Counsel, you did ask if Devlin was contrary to federal law. It is. But I believe that now in the cases that I was attempting to cite before, Commonwealth v. Willis and Commonwealth v. Hacker, the Pennsylvania court does use the federal standard. They look to see whether a variance prejudiced a substantial right. And in those cases, when they determine whether or not the defendant was prejudiced, they look to see whether they had any other notice that other time frames would come into play. And for an example, in the Willis case, they determined that the minor victim testified at the preliminary hearing to these extra dates. So the defendant got ahead of Trow and could prepare for Trow. Let me ask you this question, because I'm looking at prejudice, and I think it's an important component. Is the prejudice that you assert in this case that your client was not able to present an alibi for the first part of November, is that the prejudice you assert? That he wasn't prepared to present an alibi? Absolutely. He was not put on notice. It was not included in the criminal information. At any point, even after the trial, even through the PCRA proceedings in the state court, could you have presented an alibi or could you have argued, this is the alibi that I would have presented had I been given the opportunity? That's a course that could have been elected by prior counsel. They were also elected to pursue it as the attorney before them was ineffective for not presenting or by not objecting at the time of Trow, which I think is a valid argument as well. And I think if you can establish that trial counsel was ineffective, which I believe I have established that, then the remedy is he gets a new trial. I don't think that at that point you need to come forward and say, we would have had more of a better alibi to present for a larger period of time. Counselor, I still have a problem because I'm not sure you ever answered one of my questions about what federal cases there are out there that you're trying to hang your hat on. But in order to show ineffective assistance, you need to show that counsel's performance fell below an objective standard of reasonableness. That's correct, Your Honor. Based on Mr. Silver's testimony at the PCRA hearing, there were a variety of factors in this case that may have led to his decision not to object to the testimony that did vary from the December date but really reflected the November conduct. I just don't see how, you know, we're a federal court sitting in habeas. We've granted the COA a certificate of appealability. Many of your arguments make some sense if we were a state appellate court sitting in post-conviction. But I don't know that there's that federal law out there that says that this performance was unreasonable. That's why I'm asking you for a case and I haven't heard it yet. I think that the cases that discuss when a variance becomes prejudicial are Berger v. United States or this court's United States v. Dario or United States v. Castro. All of those cases describe when a variance has prejudiced a defendant's substantial rights. But you'll agree that even Berger does not require that a specific date be established? I think that, no, it does not require a specific date if they have other types of notice. Just like the Pennsylvania courts are saying, if the defendant is given police reports that include other information, they're put on notice. If information is given at a preliminary hearing, they're put on notice. Here we have a case where the first time Mr. Real learns about anything happening in November is when the trial has begun. And so to the extent that trial counsel Silver may have said he had some strategy that maybe I don't agree with, it seemed to me the trial strategy was an alibi. He continued to ask for the alibi instruction from the court. Well, the alibi was, you know, pretty much crippled at that point. So I don't know what the remaining defense would have been, Your Honor. Ms. Zabalagas, thank you very much. Mr. Mache, thank you very much. The case is very well presented. We'll take the case under advisory.